·L. N. SASSER v. TOLAR-HART HOLT MILLS, INC.

(Filed 23 October. 1929.)

**Master and Servant C a—Employee must establish negligence of employer as proximate cause of injury.**

· Where an employee at a cotton mill chooses of his own volition to run his hand into a revolving screen to clean it of a piece of cotton, knowing that it would be injured, except for his quickness in withdrawing it, and that the machinery should have been first stopped: *Held*, there is no presumption of negligence on the part of the defendant from the fact of injury, and the plaintiff must establish negligence of the defendant as the proximate cause of his injury, and in this case the action was properly dismissed.

APPEAL by plaintiff from *Crammer, J.,* at February Term, 1929, of CUMBERLAND. Affirmed.

*Nimocks & Nimocks and Robinson, Downing & Downing for plaintiff. Oates & Herring for defendant.*

PER CURIAM. This is an action for the recovery of damages for personal injury. The plaintiff undertook to clean a lapping machine while the machinery was in motion, in consequence of which his left hand was caught in a revolving screen and severely injured. His action was dismissed as in case of nonsuit and he appealed.

It was incumbent upon the plaintiff to establish the defendant's negligence as the proximate cause of his injury. The mere fact of his injury does not raise a presumption of negligence, and there is no evidence that the defendant required the plaintiff to remove the trash or waste cotton while the machinery was moving. The plaintiff seems to have acted upon his own initiative. He testified: "I saw this piece of cotton in the screen. I seen the bulk of it. I knew that there were revolving spokes in there at that place. I knew that unless I stopped the machine that the screen with its spokes was turning. I knew that if I put my hand in between the spokes and left it there long enough that one of those spokes was bound to cut my hand, but I didn't intend to let it stay. It cut me anyway."

An examination of the record discloses no reversible error either in the rejection of evidence or in the judgment dismissing the action.

Affirmed.